```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION


TED LAWRENCE ROBERTSON,            §
TDCJ-CID NO. 1175868,              §
                                   §
              Petitioner,          §
                                   §
v.                                 §   CIVIL ACTION NO. H-08-2042
                                   §
NATHANIEL QUARTERMAN,              §
                                   §
              Respondent.          §
```

**MEMORANDUM OPINION AND ORDER**

Petitioner Ted Lawrence Robertson, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus. Respondent moves to dismiss this action as a successive petition. After considering the pleadings and the record of Denby's habeas litigation, the court will grant the motion and dismiss the current petition.

**I.  Procedural History**

Robertson is challenging a state felony conviction for violating a protective order against family violence, enhanced by two prior felony convictions, for which he was sentenced to twenty-five years in prison. State v. Robertson, No. 940376 (174th Dist. Ct., Harris County, Tex., June 10, 2003). The conviction was affirmed by the Court of Appeals, and the Texas Court of Criminal

Appeals refused a petition for discretionary review on June 15, 2005.  Robertson v. State, 175 S.W.3d 359 (Tex. App. -- Houston [1st Dist.] 2004, pet. ref'd).  Robertson filed two state habeas applications during the pendency of the direct appeal; both of the habeas applications were dismissed because the appeal was still pending in the courts.  Ex parte Robertson, No. 29,520-05 (Tex. Crim. App. Feb. 25, 2004); Ex parte Robertson, No. 29,520-04 (Tex. Crim. App. Dec. 10, 2003).  Robertson's third state application for a writ of habeas corpus was denied without a written order by the Court of Criminal Appeals on June 14, 2006.  Ex parte Robertson, No. 29,520-7.  Robertson filed a fourth state habeas application, which was also denied without a written order on May 2, 2007.  Ex parte Robertson, No. 29,520-10.

Robertson has filed four federal habeas petitions challenging the conviction in cause number 940376.  Each petition was dismissed for failure to exhaust state court remedies because Robertson had not obtained a ruling from the Court of Criminal Appeals on his state habeas challenge.  Robertson v. Quarterman, No. H-06-1075 (S.D. Tex. Mar. 16, 2006); Robertson v. Johnson, No. H-03-3681 (consolidated with H-05-1028) (S.D. Tex. Aug. 31, 2005); Robertson v. Johnson, No. H-04-0850 (S.D. Tex. July 12, 2004).

On May 4, 2007, two days after the Court of Criminal Appeals dismissed his fourth state habeas application, Robertson filed his fifth federal petition for a writ of habeas corpus.  The petition

was subsequently denied with prejudice. Robertson v. Quarterman, No. H-07-1809 (S.D. Tex. May 28, 2008). The pending petition was filed on June 25, 2008, and is Robertson's sixth federal habeas challenge to the same state court conviction, cause number 940376, from Harris County, Texas.

## II. Robertson's Claims

Robertson asserts the following claims:

1. He was denied due process and equal protection because he was never served with a citation to appear before the 312th State District Court, the court that issued the protective order;

2. The default judgment entered against him by the 312th District Court is void and the protective order was invalid; and

3. The 312th District Court lacked jurisdiction.

## III. Analysis

Robertson's habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Lindh v. Murphy, 117 S.Ct. 2059, 2063 (1996).

The law reads, in part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made

-3-

>> retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b) (2008).

In general, a habeas petitioner must file an application with the United States Court of Appeals for the Fifth Circuit for an order authorizing the district court to consider a successive petition for a writ of habeas corpus. See, e.g., In re West, 119 F.3d 295, 296 (5th Cir. 1997). The primary purpose of this requirement is to prevent petitioners from repeatedly attacking their convictions and sentences. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). "[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Id. Reed v. Quarterman, No. 07-10045, 2007 WL 2436206 (5th Cir. Aug. 20, 2007), quoting Cain. See also Crone v. Cockrell, 324 F.3d 833, 837 (5th

Cir. 2003).  If a petitioner has not obtained prior approval from the court of appeals before filing a new claim in a successive petition, the petition must be dismissed.  28 U.S.C. § 2244; United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998).  There is no allegation or evidence that Robertson has obtained permission from the Fifth Circuit to file a successive petition.

Robertson has filed a response asserting that he is challenging the underlying civil judgment in which the protective order was issued and not the subsequent criminal judgment for violating the protective order.  Robertson's argument is unavailing because habeas petitions are used to challenge the validity of the petitioner's custody pursuant to a criminal conviction.  See Carafas v. LaVallee, 88 S.Ct. 1556, 1560 (1968).  Moreover, Robertson does not explain why he did not previously challenge the underlying civil judgment in his prior habeas petition.  See Crone; Cain.

Robertson also contends that he is actually innocent of the charge.  However, Robertson's claim is not based on any newly discovered evidence that would justify a second habeas challenge to his conviction, and this court does not have jurisdiction to grant a successive petition without authorization from the Fifth Circuit. See In re Brown, 457 F.3d 392, 395-96 (5th Cir. 2006).  Therefore, the respondent's motion shall be granted and this action will be dismissed for lack of jurisdiction.

### IV. Robertson's Motions

Robertson has filed motions for discovery and an evidentiary hearing. Docket Entry Nos. 9, 13, 16, 17, and 18. The motions will be denied because this court does not have jurisdiction to consider Robertson's habeas challenge. Furthermore, federal courts generally do not grant evidentiary hearings in section 2254 habeas proceedings because the state court findings are entitled to a presumption of correctness. See Livingston v. Johnson, 107 F.3d 297 (5th Cir. 1997). See also Riddle v. Cockrell, 288 F.3d 713, 719 (5th Cir. 2002). The broad provisions of discovery do not apply in habeas proceedings. Bracy v. Gramley, 117 S.Ct. 1793, 1796-97 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). See also Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997). Robertson has also filed a Motion for Judgment and a Motion for Summary Judgment (Docket Entry Nos. 7 and 21), which shall also be denied for lack of jurisdiction.

Robertson filed two Applications to Proceed In Forma Pauperis (Docket Entry Nos. 8 and 19) after the court denied him permission to proceed as a pauper. Robertson's Inmate Trust Fund Statements indicate that he received more than $300.00 during the six-month period preceding the filing of his habeas petition. The applications shall be denied because Robertson had sufficient funds to pay the $5.00 filing fee. Robertson's Motion for Extension of Time to Pay the Filing Fee (Docket Entry No. 10) will be granted.

## V. Denial of a Certificate of Appealability

Robertson has not requested a Certificate of Appealability ("COA"), but this court may determine whether he is entitled to this relief. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). The court concludes that Robertson is not entitled to a COA under the applicable standards. See 28 U.S.C. § 2253(c).

## VI. Conclusion

The court **ORDERS** the following:

1. Respondent Quarterman's Motion to Dismiss for Lack of Jurisdiction as a Successive Petition (Docket Entry No. 12) is **GRANTED**.

2. Robertson's Petition for a Writ of Habeas Corpus by a Person in state Custody (Docket Entry No. 1) is **DISMISSED**.

3. A certificate of appealability is **DENIED**.

4. Robertson's Motion for an Extension of Time to Pay Filing Fee (Docket Entry No. 10) is **GRANTED**.

5. Robertson shall forward a check or money order made payable to the Clerk, United States District Court, in the amount of $5.00, no later than November 8,

>     2008. The check must include the civil action
>     number of this cause, H-08-2042.

6.   All other motions (Docket Entry Nos. 7, 8, 9, 13,
     16, 17, 18, 19, and 21) are **DENIED**.

**SIGNED** at Houston, Texas, on this 7th day of October, 2008.

```
                          _____
                                    SIM LAKE
                          UNITED STATES DISTRICT JUDGE
```